UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 19-091-DCR |
| V. | ) ) ) | |
| NECO QWON LANDERS, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Defendant Neco Landers pleaded guilty to a single count of conspiring to distribute 40 grams or more of fentanyl in violation of 21 U.S.C. § 846. [Record No. 25] Thereafter, he was sentenced to a 79-month term of imprisonment, to be followed by a 5-year term of supervised release. [Record No. 27][1] Landers has now submitted a letter to the Court, which will be filed contemporaneously with this Order. While he does not mention the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), by name, he requests "an early departure from prison." Accordingly, the Court construes his letter has a compassionate-release motion.

The compassionate-release statute gives district courts discretion to reduce a sentence previously imposed if "three substantive requirements" are satisfied. 18 U.S.C.

---

[1] Landers's current projected release date from BOP custody is February 22, 2025. *See Find an Inmate*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/inmateloc/ (last visited March 15, 2021).

§ 3582(c)(1)(A); *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).[2] One of the requirements—consistency with the applicable policy statements—does not apply when an inmate files the motion for compassionate release. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). As a result, "district courts now face two questions concerning such motions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable [18 U.S.C.] § 3553(a) factors warrant such a reduction." *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1006–07). A motion requesting compassionate release may be denied if the Court "finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021) (citing *Elias*, 984 F.3d at 519).

### A. Extraordinary and Compelling Reasons

Landers must first demonstrate that extraordinary and compelling reasons merit a sentence reduction. In assessing a prisoner's motion, the Court is not bound to apply the policy statement definitions of "extraordinary and compelling reasons." *Jones*, 980 F.3d at 1109. Instead, it "ha[s] discretion to define 'extraordinary and compelling' on [its] own initiative." *Elias*, 984 F.3d at 519–20. When doing so, the Court generally looks to the application notes

---

[2] A prisoner may file a motion for a sentence reduction "after he has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the [prisoner]'s behalf' or after 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (alterations in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Landers has not indicated that he has met either requirement here. However, because the motion can be denied for other reasons, the Court will proceed to address the merits of Lander's request.

to Section 1B1.13 of the Sentencing Guidelines as a starting point.  *See United States v. Abney*, 2020 WL 7497380, at *2 (E.D. Ky. Dec. 21, 2020).

Here, Landers offers one argument: that staff at Fort Dix FCI has "been giving [inmates] a hard time.  [They] are in cells with 12 ppl no social distancing.  [Lander's has] requested to be in every program they have to offer and haven't been responded to . . . ."  He does not raise any medical or other COVID-19-related concerns.  Rather, his complaints appear to be general, and do not fit neatly in any previously used definition of extraordinary and compelling reasons.  Unfortunately for Landers, his dissatisfaction with the conditions at Fort Dix FCI, supported by no evidence, does not justify an early release from prison.  Thus, he cannot satisfy Section 3582(c)(1)(A)'s first requirement.

B.  **Section 3553(a) Factors**

But even if the first requirement were satisfied, Landers also bears the burden to "make a compelling case as to why the court's § 3553(a) analysis would be different if conducted today."  *Sherwood*, 986 F.3d at 954 (citation omitted).  In his letter, Landers talks at length about how he has changed while in prison.  However, taking the full record into account, the Court concludes that his original sentence remains appropriate.

During the sentencing hearing, the nature and seriousness of Landers's offense were important factors in the term of incarceration selected.  (That is, the quantity and harmful nature of fentanyl brought to Kentucky.)  However, the Court balanced the negative aspects of Landers's personal history with his purported desire to complete his sentence and support his family.  Accordingly, Landers was sentenced in the middle of his guidelines range, which also reflected the need to protect the public from his future crimes.

Landers has not shown that the Court should reconsider its balancing of the Section 3553 factors. He claims that he has accepted his guilt and plans to be an entrepreneur after his release. If true, the Court commends Landers' progress while imprisoned and encourages his pursue this post-release goal. But the Court considered Landers's sincerity and his desire to be rehabilitated when determining the original sentence. While these factors weighed in his favor, they did not outweigh the need to impose a punishment that fit the serious nature of the crime or other statutory sentencing factors. Landers's offense remains serious, and the Court continues to believe that his original sentence is sufficient, but not greater than necessary, to meet Section 3553(a)'s goals.

Being sufficiently advised, it is hereby

**ORDERED** as follows:

1. Defendant Landers's motion for a sentence reduction is **DENIED**.

2. The Clerk of Court is **DIRECTED** to file a copy of Defendant Landers's letter in the record of this proceeding.

Dated: March 16, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky